UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | |
|---|---|
| **GLENWOOD ROLLER RINK, INC.** § § § *Plaintiff,* § VS. § § **SECURA INSURANCE COMPANY** § § § *Defendant.* § | Civil Action No.: 1:22-cv-02144 Judge: Magistrate: |

# COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

PLAINTIFF GLENWOOD ROLLER RINK, INC. ("PLAINTIFF"), through undersigned counsel, files this Original Complaint against Defendant, SECURA INSURANCE COMPANY ("Secura") and, in support of the causes of action asserted herein, respectfully sets forth as follows:

## PARTIES

1) Made Plaintiff herein is GLENWOOD ROLLER RINK, INC., a domestic corporation domiciled in Cook County, Illinois.

2) Made Defendant herein is SECURA INSURANCE COMPANY ("Secura") a foreign insurer incorporated under the laws of the State of Wisconsin, with its principal place of business located at 1500 Mutual Way, Neenah, Wisconsin 54956, and authorized to do and doing business in Cook County and the State of Illinois. Defendant may be served with process through its registered agent for service: **Director of Illinois Department of Insurance, 122 S. Michigan Ave., Chicago, IL 60603.**

**JURISDICTION AND VENUE**

3) Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. §§ 1332 and 1441 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the minimum jurisdictional amount.

4) Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Plaintiff resides in this District and the property that is subject to the dispute between Plaintiff and Secura is located in this District.

**FACTUAL BASIS**

5) At all times relevant hereto, Plaintiff owned the property located at 656 W. Holdbrook Rd., Glenwood, Illinois 60425 (the "Property").

6) At all times relevant hereto, Secura provided a policy of insurance bearing policy number 20-CP-003242778-9 to Plaintiff which covered the Property against perils including wind/hailstorms (the "Policy") and provided the following coverages: 1) $2,167,649.00 for building, 2) $200,000.00 for buisness personal, 3) actual loss of business income- actual loss, *inter alia.* Said policy is attached as Exhibit A.

7) On or about May 23, 2020, a severe wind/hailstorm affected parts of Cook County, Illinois, where Plaintiff's Property was located, raining massive hail stones over the Property.

8) As a result of the wind/hailstorm, Plaintiffs' Property sustained substantial structural and exterior damage, resulting in damage to the roofing system and water intrusion to the interior of the Property, damaging the building's ceilings, walls, insulation, and flooring.

9) The extensive damage necessitated massive repairs, as well as costs of mitigation.

10) Upon discovering the damage, Plaintiff promptly filed a claim with Secura, who assigned claim number C0106250, and in compliance with the Policy, Plaintiff began mitigating the loss

as quickly as possible.

11) On July 22, 2020, Defendant inspected the Property and documented damages to the dwelling and other structures. The inspection was brief and failed to document the full scope of damages.

12) On August 11, 2020, Defendant's engineers inspected the Property, concluding that the damage was caused by deterioration rather than the hail storm.

13) Upon realizing that Defendant would not adjust their claim fairly or accurately, Plaintiff retained the independent adjusters of York Public Adjusting & Appraisals Services, LLC to inspect the Property, document their findings, and generate an estimate of damages.

14) Thereafter, the independent adjusters of York Public Adjusting & Appraisals Services, LLC inspected the Property and documented damages of $813,114.80 to the building.

15) On August 24, 2020, a demand for appraisal was submitted to the Defendant, along with a copy of the estimate generated by York Public Adjusting & Appraisals Services, LLC, demonstrating the losses documented.

16) In response, Defendant advised that appraisal was premature as additional time was needed for investigation.

17) On December 1, 2020, Defendant advised that the Policy did not afford coverage for the reported loss.

18) In response to Plaintiff's objection, Defendant conducted a photographic comparison of the damage to photos taken in 2014. Despite the fact the 2014 showed minor wear compared to the heavy damage involved in the subject claim, Defendant dismissed the new damage as resulting from deterioration and wear.

19) Likewise, Plaintiff reiterated that the damage in question did not become a problem until after the hail storm, but Defendant could not provide any rebuttal, improperly shifting the burden

of proof to the Plaintiff to prove the absence of a coverage exclusion.

20) Defendant has failed and refused to evaluate the information and surrounding facts regarding Plaintiff's covered claim, choosing instead to rely entirely on the incorrect assumptions and conclusions of its agents, employees, or consultants.

21) Defendant has persisted in refusing to pay the full amount due for Plaintiff's claim. No reasonable basis exists or has existed at any time for Defendant's delay and/or refusal to provide covered benefits due and owing under the Policy.

22) Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delay to repair of the Property.

23) At all times relevant hereto, Plaintiff has complied with its obligations pursuant to the insurance agreement, including payment of all premiums due under the policy, giving prompt notice to their insurer, providing a description of the facts of the loss, taking reasonable steps to protect the covered residence, permitting the inspection of the residence by the insurer, and cooperating with the insurer during the investigation of the claim

24) Upon information and belief, Defendant purposefully and/or negligently failed to timely tender proceeded due to Plaintiff after having received satisfactory proof of loss.

25) Upon information and belief, Defendant purposefully and/or negligently misrepresented to Plaintiff the terms and conditions of the Policy.

26) Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value and over depreciated Plaintiff's losses.

27) Upon information and belief, Defendant purposefully, or at least negligently, failed to include adequate overhead and profit in its estimates of damages.

28) Plaintiff have incurred additional expenses in making repairs because Defendant failed to timely compensate Plaintiff for their losses under the Policy.

29) Plaintiff have incurred professional expenses, including expert and/or attorneys' fees, to deterring that the Defendant wrongfully failed to adequately/timely pay Plaintiff's claims under the Policy.

30) Plaintiff have incurred or may incur additional living expenses as a result of the damages caused to the Property.

31) At and during the time of the acts and/or omissions complained of herein, and acts and /or omissions committed by an agent, representative, or employee of Defendants, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendants. Said Defendant is therefore liable to Plaintiff for the acts and or omissions of any such agent, representative, or employee complains of herein by virtue of such agency relationship.

## COUNT 1 – BREACH OF CONTRACT

32) Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in the paragraphs 1-31, above as if restated herein.

33) Defendant owes a duty to its policy holder to make prompt and proper payment for all claims, to make its policy limits available to insureds for losses. These duties arise from the policy itself, Illinois jurisprudence, and duties implied in every contract in Illinois.

34) Defendant, by and through its adjusters, representatives, agents, servants, and employees, have breached the contract of insurance with Plaintiff in the following non-exclusive respects:

   (a) By failing to indemnify its insured, and by relying upon a policy exclusion to deny payment which is, and should be inapplicable given the circumstances of the claim;

   (b) By failing to pay all benefits available and improperly interpreting the Policy so as to avoid obligations imposed by the Policy and Illinois law;

   (c) By denying payment on Plaintiff's claim without meeting its affirmative burden of proving by a preponderance of evidence that Plaintiff's loss was proximately caused by non-covered peril or a peril excluded by the policy;

   (d) By failing to meet its affirmative burden of establishing which part of Plaintiff's loss was caused by an excluded peril;

(e) By improperly shifting the burden to Plaintiffs of proving that the loss was not excluded by the policy;

(f) By failing to conclusively and objectively determine the proximate and efficient cause of loss;

(g) By failing to retain the appropriate experts and/or consultants to evaluate the damages to the subject property and/or disregarding evidence from experts and/or consultants retained by Plaintiffs;

(h) By basing its failure to tender payment upon a nonobjective and scientifically unreliable engineering report;

(i) By negligently, grossly negligently, recklessly, and/or intentionally choosing not to conduct a full, fair and prompt investigation and adjustment regarding Plaintiffs' insured losses;

(j) By basing its failure to tender payment based on an inadequate investigation, inspection, and adjustment of Plaintiffs' loss;

(k) By basing its failure to tender payment based on an investigation and adjustment by an adjuster unqualified to determine the proximate cause of loss unqualified adjuster;

(l) By failing to construe the policy in favor of coverage for Plaintiffs' insured loss;

(m) By choosing to delay and withhold payment of Plaintiffs' covered losses, thereby proximately causing Plaintiffs to incur consequential damages, including: additional repair costs, expert fees, attorney fees, and litigation expenses;

35) As a result of this breach, Plaintiffs have suffered damages all of which were reasonably foreseeable and which were caused, proximately and directly, by Defendant's delay and/or refusal to pay covered benefits.

WHEREFORE, Plaintiff, GLENWOOD ROLLER RINK, INC., hereby requests and prays that this Honorable Court find in its favor, and against Defendant, SECURA INSURANCE COMPANY, and award damages in an amount of at least $50,000.00, plus prejudgment and post-judgment interest, costs, and reasonable attorney's fees incurred herein, and any such additional and further relief as this Court deems just and proper.

**COUNT 2 – VIOLATION SECTION 155 ILLINOIS INSURANCE CODE**

36) Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in the paragraphs 1-35, above as if restated herein.

37) At all times relevant to this complaint, there has been in force in Illinois section 155 of the Illinois Insurance Code, 215 ILCS 5/155, which authorizes the award of reasonable attorney fees, other costs, plus statutory damages for an insurer's vexatious and unreasonable conduct in the handling of a claim under a policy of insurance.

38) Plaintiff is entitled to an award of taxable costs under Section 155 of the Illinois Insurance Code (215 ILCS § 5/155) by virtue of Secura engaging in the following vexatious and unreasonable conduct:

(a) not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Secura's wind/hail loss claim, a claim in which liability was reasonably clear, in violation of Section 154.6 of the Illinois Insurance Code, and in violation of the regulations promulgated by the Illinois Director of Insurance within Section 919.50 of the Illinois Administrative Code;

(b) refusing to pay Plaintiff for the wind/hail loss claim without conducting a full, fair, objective, and unbaised investigation based on all available facts and circumtsances, in violation of its internal claims policies, practices, and procedures, and in violation of seciton 154.6 of the Illinois Insurance Code;

(c) refusing to pay Plaintiff for the wind/hail loss based on an unreasonable interpretation of its insurance policy;

(d) failing to carry out its part of the bargain under the insurance contract, contrary to its claim handling philosophy; and

(e) forcing Plaintiff to retain legal counsel to investigate its wind/hail loss claim and to sue to recover the benefits that should have been immediately forthcoming under the insurance policy.

(f) failing to pay Plaintiff all amounts due under the insurance policy within 40 days of when the loss was reported, which constitutes an unreasonable delay in paying the loss as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(A) of Part 919 of the Illinois Administrative Code;

(g) failing to advise Plaintiff in writing within 75 days from when the fire loss was reported

with a reasonable explanation for the delay in not resolving the loss and ensuing claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(B) of Part 919 of the Illinois Administrative Code;

(h) failing to provide Plaintiff with reasonable explanations for the delay in resolving the fire loss and ensuing claim, in violation of section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code;

(i) failing to acknowledge with reasonable promptness pertinent communications regarding the loss and ensuing claim within 15 days of the same, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.40 of Part 919 of the Illinois Administrative Code;

(j) delaying its undisputed actual cash value payment until twenty-two (22) months after the fire loss, which delay was and is unreasonable and unnecessary

(k) failing to make a claims decision for five (5) months following its initial inspections, which delay was and is unreasonable and unnecessary

(l) improperly depreciating labor costs in calculating the actual cash value of the damage to the dwelling, contrary to its insurance policy and contrary to Illinois law;

(m) grossly underestimating the actual cash value of the damage to the contents, an estimate which not only grossly understated the damage to the contents and the cost to repair/replace the contents, but also applied an excessive amount of depreciation;

(n) failing to pay Plaintiff for his additional living expenses which are due and owing under the insurance policy;

(o) improperly depreciating labor costs in arriving at its actual cash value payment of the fire loss to the insured premises, contrary to the recent decision in *Sproull v. State Farm Fire and Cas. Co.,* 2020 IL App (5th) 180577, and contrary to the insurance policy which does not authorize depreciation of labor in arriving at an

WHEREFORE, Plaintiff, GLENWOOD ROLLER RINK, INC., prays for an award of attorney's fees and other taxable costs under Section 155 of the Illinois Insurance Code in its favor and against Defendant, SECURA INSURANCE COMPANY.

### COUNT 3 - VIOLATION OF THE ICFA

39) Plaintiff repeats, reiterates, and re-alleges each allegation contained in preceding paragraphs 1 through 28 of the Complaint as if set forth fully herein.

40) Plaintiff are consumers, as that term is defined in the Illinois Consumer Fraud and Deceptive Business Practices Act, §§ 505/1-505/12 ("ICFA").

41) The ICFA is regulatory and remedial legislation intended to protect consumers like Plaintiff from unfair and deceptive business practices and embodies public policy of Illinois to eliminate such practices to the greatest extent possible and provide appropriate relief to consumers. The ICFA is to be construed liberally to effect its purposes.

42) Secura has engaged in unfair business practices in violation of the act by hiring vendors with the purpose of paying Plaintiff as a little as possible while charging the cost of hose vendors against Plaintiff's Policy, conduct that is unethical and unscrupulous, and has caused substantial injury to Plaintiff.

WHEREFORE, Plaintiff, GLENWOOD ROLLER RINK, INC., prays that this Honorable Court find in its favor and against Defendant, SECURA INSURANCE COMPANY, and award damages, remedies and any other relief honorable and just under the circumstances.

**JURY DEMAND**

43) Plaintiff requests a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED:

*/s Sophia J. Johnson*_____
SOPHIA J. JOHNSON, ARDC# 6311106
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Service Rd. W., Ste. 300
Metairie, LA 70001
TELEPHONE: (504) 684-5200
FACSIMILE: (504) 613-6351
E-MAIL: johnson@hairshunnarah.com